[653 NYS2d 651]

In the Matter of RUDOLPH L. MAZZEI, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 10, 1997

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Nancy A. Bolger* of counsel), for petitioner.

*Devitt, Spellman, Barrett, Leyden & Kerney, L. L. P.,* Smithtown *(Thomas J. Spellman, Jr.,* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing one

charge of professional misconduct against him. The Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has belatedly submitted an affirmation in opposition in which he requests that he be found guilty of having violated only Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) and that any sanction imposed be limited to a censure.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation which adversely reflects on his fitness to practice law.

The respondent served as a District Court Judge in the County of Suffolk from January 1, 1974 to December 1982. He was thereafter elected to the County Court, where he served from January 1, 1983 to December 1992. In 1991 the respondent was served by the Commission on Judicial Conduct with a complaint alleging that he had engaged in misconduct when he signed his deceased mother's name to two applications for credit cards and obtained and used an authorized user's card in his own name. Hearings were conducted and a report was rendered to the Commission on Judicial Conduct. The charge was sustained by the Commission on Judicial Conduct in its determination dated December 23, 1992, wherein the respondent was found to have violated Rules of the Chief Administrator of the Courts Governing Judicial Conduct (22 NYCRR) §§ 100.1 and 100.2 and Canons 1 and 2 of the Code of Judicial Conduct. The Commission's conclusion that the appropriate sanction for the respondent was removal from the Bench was accepted by the Court of Appeals (Matter of Mazzei, 81 NY2d 568).

The Court of Appeals found that the respondent's mother resided with him for several years until her death in April 1989. After his mother's death, the respondent completed a preapproved application for a Chemical Bank Visa Gold Card with a $5,000 credit limit, which had been addressed to the respondent's mother. The respondent completed the application in her name, simulated her signature, and requested an "authorized user's card" for him as her son. The bank received the application after expiration of the offer and did not issue a credit card.

Later in 1989, the bank sent the respondent's deceased mother a second preapproved credit card application. The respondent again filled out the application, forged his mother's

signature, and requested an authorized user's card for himself. The second application contained a number of misstatements by the respondent, including his mother's year of birth; that her income included Social Security benefits which had, in fact, terminated; and that she was retired when, in fact, she was already deceased.

On December 4, 1989, Chemical Bank opened a Visa credit card account in the respondent's mother's name with an authorized user's card bearing his name. One week later, the respondent used his card at an Atlantic City casino to obtain $2,000 from a cash machine. The respondent's attempts to obtain an additional $2,000 that same evening were thwarted when Chemical's computer and a supervisor in the bank's fraud prevention department froze the account pending verification of the user. The respondent subsequently informed the bank that his mother wanted to use her card but that she should not be contacted to avoid upsetting her. In reply to the bank's discovery that the Social Security number of the respondent's mother had been used in connection with a claim for death benefits, the respondent suggested that his mother had mistakenly supplied his deceased father's Social Security number. The respondent later admitted that his mother was deceased and returned her unsigned card with full payment of the account's outstanding balance.

The Court of Appeals concluded that the respondent's removal from judicial office was the appropriate sanction based on a finding that the falsification of documents is inimical to the character required of a Judge. That the respondent's conduct was not directly related to his judicial office was deemed immaterial. The absence of any motive to deceive the bank did not mitigate the objective conduct.

By reason of the foregoing, the respondent was charged with violating Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]).

In his answer dated January 20, 1995, the respondent admitted that he had committed such acts as found by the Court of Appeals in *Matter of Mazzei* (81 NY2d 568, *supra)* but denied that those acts were committed by him with any intent to harm the issuing bank or any other person or business entity or to unjustly enrich himself or for any other venal purpose or motive.

In a written stipulation dated February 27, 1995, the respondent admitted that he was the subject of a criminal investigation. He noted, however, that no criminal charges were ever

brought against him as a result of the Special Prosecutor's investigation. The $2,000 which he improperly obtained via the use of the Visa credit card issued on December 4, 1989, was fully repaid on or about December 21, 1989.

The respondent specifically admitted that the conduct for which he was removed from office also constitutes misconduct in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]). He accepts that his conduct was wrongful and that he must take full and sole responsibility for it, but claims that no party, other than himself, was injured as a result of it. He noted that he was, at all times, liable for debts incurred as the authorized user of that card. The respondent submits that the sole reason he sought to obtain the subject credit card was to prevent his then-wife from learning of his having obtained a new credit card and of any debts thereby incurred.

In view of the evidence adduced and the respondent's admissions, the Grievance Committee's motion to sustain the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that he never sought to defraud the bank or casino or to profit from his conduct. Instead, his motivation was merely to deceive a wife who kept a tight rein on the family finances. By introducing psychiatric evidence to the effect that he is not a compulsive gambler, respondent asks the Court to consider that there is no basis to conclude that his continued practice of law would pose any sort of hazard to clients who entrust him with escrow funds.

Under the totality of circumstances, the respondent is suspended for five years.

MANGANO, P. J., MILLER, O'BRIEN, RITTER and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Rudolph L. Mazzei, is suspended from the practice of law for a period of five years, commencing April 1, 1997, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order

and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Rudolph L. Mazzei, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.